**Lei YE, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40346–AG.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

**100**

Gary J. Yerman, New York, New York, for Petitioner.

Sean Cenawood, Assistant United States Attorney, New York, New York, for Respondent.

PRESENT: STRAUB, SOTOMAYOR, and HALL, Circuit Judges.

## SUMMARY ORDER

Lei Ye, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of Wang's application for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

To be eligible for withholding of removal under the CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Wang v. Ashcroft*, 320 F.3d 130, 133 (2d Cir.2003). In this case, the IJ correctly found that the record did not support Ye's claim that he would be subject to torture upon his return to China because he had illegally left the country. The IJ found that, based on Ye's own testimony, he had been issued a valid passport by the Chinese government and had obtained a fraudulent visa to enter the United States, and therefore, he might not be regarded as illegal emigre if returned to China. *Id.* at 133. Nonetheless, even assuming that Ye would be considered an illegal emigre by the Chinese government, the IJ correctly concluded that the 1998 and 2000 State Department Reports did not establish that Ye, as a first-time illegal emigre, would be subjected to torture. *Id.* The IJ concluded that, at worst, Ye would be "fined and placed in a re-education camp for a brief period of time." *Id.* Indeed, at least one other circuit handling the identical issue has concluded that the 1998 and 2000 State Department Reports establish that first-time illegal emigres are subjected to fines upon their return to China, and that these fines do not amount to torture under the CAT. *See Wang v. Ashcroft*, 368 F.3d 347, 350 (3d Cir.2004). Moreover, this Court has held that "pun-

ishment for violation of a generally applicable law is not persecution." *Saleh v. United States Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Because the record supports the BIA's affirmance of the IJ's denial of Ye's application for relief under the CAT, the petition should be denied.